

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910
mayerbrown.com

August 19, 2019

**Christopher J. Houpt**
Partner
T: +1 212 506 2380
F: +1 212 849 5830
CHoupt@mayerbrown.com

VIA ECF

The Honorable Kiyo A. Matsumoto
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *Cohen v. Capital One Funding, LLC et al.* Case No. 19-cv-03479 (KAM)

Dear Judge Matsumoto:

We represent The Bank of New York Mellon Corporation ("BNY Mellon") and Deutsche Bank Trust Company Delaware ("DBTCD"), in their alleged capacities as trustees (together, the "Trustees"), in the above-captioned matter. Pursuant to IV(B) of Your Honor's Individual Rules, we write to outline the Trustees' anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to request a pre-motion conference.

Plaintiffs William Cohen, Sue Paivanas, and Christy Ogrodoski ("Plaintiffs"), are the named plaintiffs of a purported class of credit card accountholders with Capital One Bank (USA) National Association ("Capital One National Bank") – a national bank whose credit card program allegedly charged interest rates exceeding the 16% usury limit under New York General Obligations Law § 5-501, for which Plaintiffs seek disgorgement and damages allegedly resulting from unjust enrichment. In support of their claims, Plaintiffs allege (at ¶ 4) that the State of New York has "prohibited lenders from charging excessive interest to debtors" since "at least 1787."

Although Capital One National Bank is Plaintiffs' lender – having both set the interest rates on Plaintiffs' credit card loans and collected their credit card payments – Plaintiffs have not sued Capital One National Bank. Because they cannot. As a national association subject to the National Bank Act, Capital One National Bank is *exempt* from the usury limits applicable under New York General Obligations Law.

Since they could not bring that lawsuit, which would be summarily dismissed on the ground of federal preemption, Plaintiffs have chosen, instead, to sue the trusts and trustees associated with securitization of their credit card receivables by entities who are not lenders, who did not set the interest rates on their credit card loans, and who do not collect their credit card payments. This attempted end-run around the National Bank Act is equally infirm, and the Trustees seek permission to move for dismissal as a result.

Plaintiffs' claims fail, and must be dismissed, for substantive and procedural reasons. Procedurally, The Bank of New York Mellon Corporation must be dismissed because it is a

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

holding company that has no role at all in any of the transactions at issue. Although we informed Plaintiffs that the wrong party was named, and that the correct name of the trustee is The Bank of New York Mellon, which is legally separate and distinct from the Corporation, Plaintiffs declined to correct the pleading.

Substantively, Plaintiffs cannot establish liability against the Trustees given their limited, ministerial role in the securitization process, which is merely to administer the trusts that hold credit card loans originated by Capital One National Bank. *See* Amended and Restated Pooling and Servicing Agreement, dated September 20, 1993 and amended January 13, 2006 § 11.01 (BNYM, as Trustee of the COMT trust "undertakes to perform such duties and only such duties as are specifically set forth in this Agreement"); Second Amended and Restated Trust Agreement, January 13, 2006 § 5.01 ("It is the intention of the Beneficiary that the powers and duties of [DBTCD, as Trustee of the COMET trust] are to be purely ministerial only.").

The Trustees have no involvement (and are not alleged to have had any involvement) in origination of the loans, management of the credit card accounts, or the setting of interest rates. As such, usury limits reflected in New York General Obligations Law § 5-501 are neither applicable nor relevant to the Trustees. Nor can the Trustees be subject to an unjust enrichment claim, which requires a closer nexus to the alleged wrongdoing than that alleged here. Plaintiffs' causes of action against the Trustees should therefore be dismissed.

Finally, and as discussed more fully in the pre-motion letter of Defendants Capital One Funding, LLC, Capital One Master Trust, and Capital One Multi-Asset Execution Trust, the National Bank Act preempts the state-law claims here. The Complaint relies heavily on *Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. 2015), which declined to find preemption because the bank there had ***completely severed*** its connection to the customers and their accounts. By contrast, the transaction here closely resembles the facts in *Krispin v. May Department Stores*, 218 F.3d 919 (8th Cir. 2000), where, as here, "notwithstanding the bank's sale of its receivables to [an assignee], it retained substantial interests in the credit card accounts." *Madden*, 786 F.3d at 252 n.2. Preemption applied because it was "the bank, and ***not*** the [assignee of the receivables], that issue[d] credit, processes and services customer accounts, and sets such terms as interest and late fees." *Krispin*, 218 F.3d at 924 (emphasis added; quoted in *Madden*, 786 F.3d at 252).

That is exactly what has happened here. Capital One National Bank sold the credit card receivables, but retained ownership of the underlying credit card accounts, including the ability to issue credit, process and service the accounts, and set such terms, including the interest rates that Plaintiffs challenge. *Madden* itself explains why those facts are relevant to preemption and why its own holding does not apply here.

The other Defendants have proposed a briefing schedule in their pre-motion letter, and the Trustees propose briefing our motion on the same schedule. We appreciate the Court's consideration of these issues.

Mayer Brown LLP

Honorable Kiyo A. Matsumoto
August 19, 2019
Page 3

                                                  Respectfully,

                                                  */s/* Christopher J. Houpt
                                                  Christopher J. Houpt